```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  12-22996-CIV-SEITZ
                              MAGISTRATE JUDGE P. A. WHITE

LEON FITZGERALD HARRIGAN,     :

        Plaintiff,            :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
LYNN MARTINEZ,                :

        Defendant.            :
_____
```

The pro-se plaintiff, Leon Fitzgerald Harrigan, filed a civil rights complaint pursuant to 42 U.S.C. §1983 while confined in the Metro West Detention Center[1], alleging slander.(De#1) The plaintiff is proceeding in forma pauperis. [DE# 8].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

---

[1] The Miami Dade County Jail website indicates the plaintiff is now confined at the Turner Guilford Knight Detention Center.

>       the court shall dismiss the case at any time
>       if the court determines that –
>
>                   *   *   *
>
>       (B) the action or appeal –
>
>                   *   *   *
>
>       (i)  is frivolous or malicious;
>
>       (ii) fails to state a claim on which
>       relief may be granted; or
>
>       (iii) seeks monetary relief from a
>       defendant who is immune from such
>       relief.

This is a civil rights action. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11

Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

B.  <u>Factual Allegations</u>

The plaintiff alleges that Lynn Martinez, a news anchor for Channel 7 news, and an unnamed Program Director, slandered and defamed him by providing his name to the South Florida audience, stating he was armed and dangerous and that he had attempted to run a law enforcement officer down with a vehicle. He states that pictures were shown before he was apprehended.

C.  <u>Analysis of Sufficiency of Complaint</u>

In the first instance, Martinez and the unnamed Program Director do not act under color of state law. As stated above, a civil rights action requires the deprivation of a federally protected right by a person acting under color of state law. <u>See</u> 42 U.S.C. 1983; <u>Polk County v Dodson</u>, 454 U.S.312 (1981); <u>Whitehorn v Harrelson</u>, 758 F. 2d 1416, 1419 (11 Cir. 1985). Martinez works for a news agency, and works independently of state law.

In the second instance, slander or defamation is a tort actionable under the laws of most states, but defamation alone it is not a constitutional deprivation.  <u>See</u> <u>Siegert v. Gilley</u>, 500 U.S. 226 (1991) (rejecting notion that defamation by a government actor that causes injury to professional reputation violates due process); <u>Von Stein v. Brescher</u>, 904 F.2d 572, 580-81, 584 (11 Cir. 1990) (holding that plaintiff suing a police officer, who made an arguably lawful arrest of the plaintiff for which there arguably was probable cause, and who made defamatory statements to the media at the time of the plaintiff's arrest, did not make out a federal cause of action because the officer's statements did not extinguish or significantly alter any right guaranteed to the plaintiff). In

defamation cases brought under §1983, allegations of injury to reputation alone do not support a §1983 claim for denial of due process, and therefore must be accompanied by a constitutionally recognized injury. Paul v. Davis, 424 U.S. 693, 712 (1976); Cypress Insurance Co. v. Clark, 144 F.3d 1435, 1436 (11 Cir. 1998).

In this case the plaintiff provides the arrest affidavit indicating that the plaintiff eluded police after a police involved shooting. Research at the Miami-Dade County Jail website reveals that in case no F12017439 the plaintiff is charged with multiple offenses, including fleeing/eluding/aggravated/injury death and resisting officer without violence, grant theft and burglary. Clearly the facts do not support a constitutionally recognized injury.

### III. Conclusion

It is therefore recommended as follows:

1. The complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.   This Case be closed.


Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 9th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Leon Fitzgerald Harrigan, Pro Se
 #120045643
 Turner Guildford Knight Detention Center
 Address of Record